IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERMAN FITZGERALD TATE,         :
AIS 288095,
                                                    :
    Petitioner,
                                                    :
vs.                                                         CA 14-0564-CG-C
                                                    :
PHYLLIS BILLUPS,
                                                    :
    Respondent.

## REPORT AND RECOMMENDATION

Sherman Fitzgerald Tate, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant "mixed" petition be dismissed without prejudice to allow Tate to exhaust his state remedies with respect to his numerous claims of ineffective assistance of counsel.

## FINDINGS OF FACT

On January 18, 2013, Tate was adjudged guilty of two counts of sodomy in the second degree and was sentenced, on February 21, 2013, to concurrent terms of imprisonment of 102 months. (Doc. 13, at 2; *see also* Doc. 4, at 2.) The Alabama Court of Criminal Appeals, in an unpublished memorandum opinion issued on January 31, 2014,

affirmed Tate's convictions and sentences. (*Compare* Doc. 4, at 3 *with* Doc. 13, at 3.)[1] Petitioner's application for rehearing was overruled on March 14, 2014 (*see* Doc. 13, Exhibits H & I), and the Alabama Supreme Court denied Tate's petition for writ of certiorari on June 6, 2014, *Ex parte Tate,* 156 So.3d 945 (Ala. Jun. 6, 2014). Tate did not collaterally attack his convictions and concurrent sentences in the state courts of Alabama (*see* Doc. 4, at 4 (petitioner's express representation that other than his direct appeal, he filed no other attacks on the judgment he is attacking herein)); instead, he filed the instant habeas corpus petition in this Court on December 8, 2014 (Doc. 1), which he then twice amended, once on December 31, 2014 (Doc. 4), and again on January 28, 2015 (Doc. 11).

The face of Tate's habeas corpus petition, as amended, suggests that he wishes to raise not only the claim he asserted on direct appeal (*see* Doc. 4, at 8 & 14), but, as well, a claim that his conviction was obtained pursuant to an unlawful search and seizure (Doc. 4, at 9), and numerous claims of alleged ineffective assistance of counsel (*compare* Doc. 4, at 7, 15-18 & 20-21 *with* Doc. 11). Therefore, this Court entered an order affording Tate the opportunity to demonstrate why his petition should not be dismissed without prejudice for failure to exhaust his state remedies with respect to his ineffective assistance of counsel claims. Petitioner filed a motion to dismiss without prejudice on April 8, 2015. (Doc. 15.)

Upon a review of the petition, as amended, the answer, and Tate's motion to

---

[1] The sole claim raised by Tate on his direct appeal was that the trial court violated his Sixth Amendment right to confront his accusers by failing to allow him to question the victims about their purported romantic relationship/entanglement. (*See* Doc. 13, Exhibit G.)

dismiss, the undersigned concludes that the instant habeas corpus petition should be dismissed without prejudice because petitioner has not exhausted available state court remedies—through the filing of a Rule 32 petition in the Circuit Court of Mobile County, Alabama and appealing (if necessary) any decision by the trial court to the Alabama Court of Criminal Appeals and then to the Supreme Court of Alabama[2]—with respect to the numerous claims of ineffective assistance of counsel presented in his habeas corpus petition, as amended. The undersigned does not find it appropriate to rule on the merits of Tate's petition without first requiring that he exhaust available state remedies.

## CONCLUSIONS OF LAW

A federal court cannot grant relief unless the petitioner "has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional

---

[2] "Petitioner is advised that the 'one complete round' exhaustion requirement of *O'Sullivan* applies to post-conviction review; if he is denied post conviction relief he must appeal that ruling in order to properly exhaust state remedies." *Creamer v. Secretary, Dept. of Corrections,* 2012 WL 1072220, *2 n.3 (N.D. Fla. Feb. 10, 2012) (citations omitted), *report and recommendation adopted,* 2012 WL 1072021 (N.D. Fla. Mar. 30, 2012).

claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

"When a habeas petition includes both unexhausted and exhausted claims,[3] and the state contests exhaustion, as Respondent does here, the federal court must: (i) dismiss the petition for lack of complete exhaustion; (ii) allow the action to proceed, if the petitioner dismisses his unexhausted claims; or (iii) stay the action until the petitioner exhausts his claims in state court." *Martin v. Johnson,* 2013 WL 5606665, *2 (N.D. Ga. Oct. 11, 2013) (footnote added), citing *Rhines v. Weber*, 544 U.S. 269, 274-278, 125 S.Ct. 1528, 1533-1535, 161 L.Ed.2d 440 (2005). The circumstances in which a stay will be granted are limited, *see, e.g., Tullis v. Albright,* 2012 WL 6062083, *2 n.2 (M.D. Ala. Oct. 25, 2012) ("'Because granting a stay effectively excuses a petitioner's failure to present

---

[3] A habeas petition asserting both exhausted and unexhausted claims is a "mixed petition." *Rose v. Lundy*, 455 U.S. 509, 510 & 522, 102 S.Ct. 1198, 1199 & 1205, 71 L.Ed.2d 379 (1982); *see id.* at 520, 102 S.Ct. at 1204 ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[.]' [] The court finds that the limited circumstances in which *Rhines* applies are not found in this case, including the fact that Petitioner has failed to demonstrate good cause for her failure to exhaust any potential grounds for relief in a timely fashion."), *report and recommendation adopted,* 2012 WL 6062082 (M.D. Ala. Nov. 28, 2012), and the undersigned finds that this case is not one that should be stayed (as opposed to being dismissed without prejudice) pending exhaustion of state remedies with respect to Tate's ineffective assistance of counsel claims inasmuch as dismissing this action without prejudice will not "threaten federal review because of the one-year limitation on filing habeas petitions." *Martin, supra,* at *2, citing *Rhines,* 544 U.S. at 274-278, 125 S.Ct. at 1533-1535; *see Isaac v. Augusta SMP Warden,* 470 Fed.Appx. 816, 819 (11th Cir. Apr. 27, 2012) ("In the event that such a dismissal would result in any subsequent petition being time-barred under the statutory one-year limitations period, the district court may employ a 'stay-and-abeyance' procedure, whereby the court would stay the timely filed petition and hold it in abeyance while the petitioner returns to state court to exhaust all of his previously unexhausted claims."). As reflected above, petitioner's convictions and sentences were affirmed on appeal in an unpublished memorandum opinion issue on January 31, 2014, his application for rehearing was overruled on March 14, 2014, and the Alabama Supreme Court denied certiorari review on June 6, 2014. Moreover, giving Tate the benefit of an additional 90 days in which to seek review in the United States Supreme Court, his one-year limitations period (for

filing his federal habeas petition) began to run on September 4, 2014 (*see* Doc. 13, at 5); therefore, not only is the present petition timely but Tate has a sufficient amount of time to collaterally attack his convictions and sentences, so long as he files his Rule 32 petition in the Circuit Court of Mobile County, Alabama by June 6, 2015 (*see* Doc. 13, at 7 n.2 ("Under Rule 32.2(c), Ala.R.Crim.P., Tate has one year from the entry of the certificate of judgment—in this case June 6, 2014—to timely file a petition for post-conviction relief.")), *see Coleman v. Stewart*, 2014 WL 948332, *2 (M.D. Ala. Feb. 13, 2014) ("Upon review of the pleadings and other materials filed in this case, it appears that Coleman has not presented his claims of ineffective assistance of appellate counsel to the state courts. Thus, it appears that Coleman has failed to satisfy the exhaustion prerequisite as to these claims. Coleman may present these unexhausted claims to the state courts through a state petition for post-conviction relief under Rule 32, Ala.R.Crim.P. A petition for relief under Rule 32 must be filed within one year of the entry of the certificate of judgment. *See* Ala.R.Crim.P. 32.2(c). This court does not deem it appropriate to rule on the merits of Coleman's claims for relief without first requiring that Coleman exhaust the remedies available to him in the state courts. . . . Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Coleman can pursue his available state court remedies as to his unexhausted claim."), which will serve to toll the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection.").

Tate has admitted that he has not raised his many claims of ineffective assistance of counsel in the state courts of Alabama (Doc. 4, at 4) and, therefore, the undersigned finds that it would be inappropriate for this Court to rule on the merits of petitioner's unexhausted claims without first requiring him to exhaust available state remedies. A stay of this case pending the outcome of a state collateral proceeding (or allowing Tate to delete his ineffective assistance of counsel claims), as aforesaid, is simply not warranted because petitioner has a sufficient amount of time to return to state court and toll the running of the one-year limitations period by filing a Rule 32 collateral attack *before June 6, 2015*, and then timely return to this Court to seek habeas corpus review.

## CONCLUSION

The Magistrate Judge recommends that Sherman Fitzgerald Tate's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice so that he can pursue those state court remedies available to him.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir.

2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of April, 2015.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**